# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In Re Application Of Man Group Limited, Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG, Petitioners, For An Order Pursuant To 28 U.S.C. § 1782 To Obtain ~~Discovery For Use In A Foreign Proceeding~~ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Man Group Limited, Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG, Petitioners _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

a. "You," "Your," and "Yours" means Wafra Inc. (formerly Wafra Investment Advisory Group, Inc.) and any affiliates, any entities under your control, and each of your employees, executives, partners, directors (including any non-executive director), consultants, officers, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on your behalf or subject to your control.

b. "Company" or "Wafra" means Respondent Wafra Inc., and its parents (including Wafra InterVest Corporation Ltd), subsidiaries, affiliates, and any entities under its control and each of its current and former employees, executives, partners, directors (including any non-executive director), consultants, officers, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on its behalf or subject to its control, including any other entities in which the Company had an ownership interest at any time from January 1, 1985 to June 8, 2017.

c. The "English Proceedings" refers to the consolidated English civil proceedings captioned *Public Institution for Social Security v. Al Wazzan and Others*, CL-2019-000118 in the High Court of Justice of England and Wales.

d. "Pension Fund" means the Public Institution for Social Security (also known as the Kuwaiti State Pension Fund), claimant in the English Proceedings.

e. "Al Humaidhi" refers to Hamad Mishari Al Humaidhi, former Deputy Director General and Director General of the Pension Fund, who was employed by the Pension Fund between April 17, 1977 and January 13, 2019.

f. The terms "all" and "each" and "every" shall be construed as all and each.

g. The terms "and" and "or" shall include the other as necessary to make a request inclusive rather than exclusive.

h. "Al Rajaan" refers to Fahad Maziad Rajaan Al Rajaan, former Director General of the Pension Fund.

i. "Banque Pictet & Cie" was a Swiss private bank organized as a partnership under the laws of Switzerland, the assets and liabilities of which were assumed by Banque Pictet & Cie SA in 2014.

j. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

k. "Concerning" means relating to, referring to, referencing, regarding, describing, evidencing or constituting.

l. "Document" is intended to be comprehensive, and includes any written, handwritten, printed, mimeographed, lithographed, duplicated, typed or other graphic, photographic, computer matter or electronic matter of any kind or nature, including all forms of data compilations from which information can be obtained, and, if necessary, translated through detection devices into reasonably usable form, whether original or copy, and all drafts thereto, and shall include, without limiting the generality of the foregoing, all letters, electronic mail, computer notes, computer messages, reports, notes, telegrams, correspondence, facsimile and telex cover sheets, tape recordings, contracts, and notices, including all computer media. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" also includes any document known by you which would be responsive to this discovery, but is no longer in existence. For each such document, state the nature of the document, the author(s) and addressee(s) of any

document, the document's subject matter, all persons to whom the document was distributed, whether the document is missing, lost, or destroyed, the circumstances under which the document became missing or was lost or destroyed, and the person(s) who has knowledge of these circumstances.

m. "Records" means a documentary account of past events or information, including minutes, memoranda, or notes of a transaction, proceeding, or meeting, that is inscribed on a tangible, electronic, or other medium.

n. "Employees" means any former or present employee, executive, officer, director (including any non-executive director), claims or monitoring counsel, other agent, representative, consultant, office, committee, department, division, or group within or retained by Wafra, including those at corporate or division headquarters, or at regional or local offices anywhere in the world.

o. The words "include" or "including" and similar terms shall be understood to encompass "includes without limitation" and "including without limitation" and similar formulations, and vice versa as necessary to make a request inclusive rather than exclusive.

p. The "Kuwaiti Criminal Complaint" refers to the complaint submitted to the Kuwaiti public prosecutor by Dr. Fahad Al Rashed on September 25, 2008 (later known as complaint numbers 1498/2008 and 1499/2008) that includes allegations that Al Rajaan received commission payments in relation to the Pension Fund's investments in OMNI, IFIL, and Hartman & Braun.

q. "Banque Pictet & Cie Accounts" refers to bank accounts at the institution Banque Pictet & Cie, numbered 643224 and AVALOQ 1007700.02 and opened on June 22, 2005, which the Pension Fund has asserted in the English Proceedings is a Wafra-related account.

3

r. "Persons" means any natural person or any business, legal or governmental entity, or association. The term includes a natural person, firm, association, organization, estate, partnership, business, joint venture, trust, corporation, public entity, and every form and kind of entity, as well as the agents, employees, attorneys, accountants, shareholders, directors, consultants and representatives of any such "person" and anyone acting or purporting to act for or on behalf of such "person."

s. "Payments" means any commission, exchange, or transfer of money, compensation, benefit, or other valuable thing.

t. "Petitioners" refers to Man Group Limited (formerly Man Group plc.), Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG.

u. "Representatives" means any advisors, consultants, attorneys, counsel, agents, service providers, bankers, financiers, and accountants, together with their affiliates.

v. "Sheikh Al Sabah" refers to Sheikh Abdullah Jaber Al Ahmed Al Sabah, former Deputy Director General for Investment Affairs at the Pension Fund, who was employed by the Pension Fund between September 3, 1988 and November 29, 2018.

## INSTRUCTIONS

1. These document demands are intended to and do cover all documents in your possession, custody, or control, including those belonging to subsidiaries, divisions, or affiliates, or any of your employees, executives, partners, directors (including any non-executive directors), consultants, officers, agents, attorneys, accountants, investigators, representatives, and any other person or entity acting on your behalf or subject to your control. These document demands are also intended to, and do, cover any and all documents you are authorized to or have the practical ability to retrieve.

2. Each request for a document contemplates production of the document or electronically stored information in its entirety, without abbreviation or expurgation.

3. Documents or electronically stored information provided shall be complete and, unless privileged, unredacted, submitted as found (e.g., documents that in their original condition were stapled, clipped, or otherwise fastened) shall be produced in such form. To the extent any responsive document is attached to another document through manual or electronic (e.g., email) means, both the responsive document and any attachment(s) should be produced. To the extent only a portion of a document or electronically stored information is privileged, the non-privileged portion should be produced and any redactions should be clearly marked.

4. Electronically stored information ("ESI") should be produced in the following format: single page TIFFs, document-level text files (text-searchable), native files, .DAT with standard concordance delimiters (should contain the path to native files and text files), and .OPT image load files (should contain the page count and volume path). Such ESI includes, but is not limited to, electronic mail, SMS messages and other forms of mobile text or messaging formats (including Bloomberg messages, Instant Bloomberg chats, WeChat messages, WeCom messages, QQ messages, GroupMe messages, and WhatsApp messages), calendar entries, documents created with word processing software such as Microsoft Word, pictures, audio and video recordings, and documents in Portable Document Format ("PDF").

5. With respect to any documents or communications that are withheld or redacted, whether under claim of privilege or otherwise, provide all information regarding the asserted privilege and the materials being withheld in a manner that will enable Petitioners to assess

the applicability of any such privilege or protection. Specifically, set forth in your response to this subpoena:

    a. The privilege or other protection claimed;

    b. The basis for your assertion of the privilege or other basis for refusal;

    c. If you contend one or more communications gave rise to the privilege or other basis asserted, whether each such communication was oral or written;

    d. If the communication, information, recommendation, advice, or fact in question was conveyed verbally, identify all persons present during such communication, identify the parties to such communication, state the date, time and place where such communication occurred, state whether the parties were present during such communication or communicated by telephone or otherwise electronically, and state the subject matter of such communication; and

    e. If the communication, recommendation, advice, or fact in question is embodied in or conveyed by means of a document, then identify each such document, identify each person who has seen such document, state the date of the document, and state the subject matter of such communication.

6. For any documents or communications that you withhold, in whole or in part, on the basis of any claim of privilege or other protection from disclosure, including, without limitation, any claim of attorney-client privilege or the work-product doctrine, specify and, where appropriate, identify, in a privilege log, the following:

    a. The nature, subject matter, number of pages, and date and title (if any) of such documents;

    b. The name of each person(s) making any contribution to the authorship of the documents;

    c. The person(s) to whom the documents are addressed or were otherwise sent;

    d. Any person(s) who received the documents;

    e. The nature and basis of each privilege or protection asserted; and

    f. Produce all portions of any responsive documents to which a claim of privilege, attorney work product, or other basis for withholding the documents does not apply.

7. If no documents exist that are responsive to a particular request, please so state in writing.

8. These requests require production of copies of all electronically stored information in native electronic format, including production of all metadata.

9. No part of a request may be left unanswered, or documents and things not produced, merely because an objection is interposed as to any other part of a request. Where an objection is made to any request, or subpart thereof, the objection must state with specificity all grounds and must state whether any responsive materials are being withheld on the basis of that objection. All objections to the production of documents, information, or other things requested herein must be made in writing and delivered to counsel of record for Petitioners.

10. This subpoena is deemed continuing in nature and you are obligated to produce responsive documents and to supplement your production whenever additional documents are located or their existence ascertained.

## DOCUMENT REQUESTS

1. Documents sufficient to identify all payments or remuneration to or for the benefit of Al Rajaan, Sheikh Al Sabah, and/or Al Humaidhi that You made, directed, or are aware of from the period December 5, 1994 to June 8, 2017.

2. For each payment identified in response to Request No. 1:

    a. all Documents and Communications concerning the payment;

    b. all minutes or other records of any meetings (including but not limited to meetings of any board of directors and/or its committees) concerning the payment, including of any meetings dated December 5, 1994; December 30, 1999; and October 8, 2009;

    c. documents sufficient to identify (i) who approved the payment; (ii) why the payment was made; (iii) any requirements or obligations before or after the payment was made; (iv) all participants in the payment; and (v) any contract or written agreement, expectation, or understanding concerning the payment; and

    d. all documents concerning any Pension Fund Employees' knowledge or suspicion of the payment.

3. All documents dated between January 1, 1991 and June 8, 2017, concerning any alleged or potential bribery, corruption, improper payments, or unlawful payments involving Wafra's management of assets on behalf of the Pension Fund, whether perpetrated by Wafra (including, for avoidance of doubt, any of its Employees), the Pension Fund (including, for avoidance of doubt, any of its Employees), or any other person.

4. Documents dated between January 1, 2005 and December 31, 2008, sufficient to identify the reason(s) for opening the Banque Pictet & Cie Accounts.

5. Documents dated between June 22, 2005 and June 8, 2017, sufficient to identify all signatories, custodians, authorized representatives, and any other person with access to the Banque Pictet & Cie Accounts, and the reason(s) such persons were granted access.

6. All documents dated between July 1, 1988 and June 8, 2017 concerning any of the following:

    a. The Pension Fund's purchase of shares in Hartmann & Braun on or around July 18, 1988;

    b. The Pension Fund's purchase of shares in OMNI on or around September 25, 1989; and

    c. The Pension Fund's purchase of shares in IFIL on or around October 16, 1989.