**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
In re Application of                                       :
                                                           :
MAN GROUP LIMITED, MAN STRATEGIC                           :     24-MC-559 (JHR) (OTW)
HOLDINGS LIMITED, MAN INVESTMENTS                          :
LIMITED, and MAN INVESTMENTS AG,                           :     OPINION & ORDER
                                                           :
                      Petitioners,                         :
                                                           :
For an Order to Obtain Discovery Pursuant to               :
28 U.S.C. § 1782 for Use in a Foreign                      :
Proceeding.                                                :
                                                           :
-----------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

I.  **INTRODUCTION**

On December 11, 2024, Petitioners Man Group Limited, Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG (together, "Petitioners") submitted an *ex parte* application (the "Application") to this Court seeking an order pursuant to 28 U.S.C. § 1782 ("Section 1782") to conduct discovery for use in a foreign civil proceeding in England (the "English Proceedings") before the High Court of Justice of England and Wales.[1] (ECF 3). In the English Proceedings, the Kuwaiti State pension fund, the Public Institution for Social Security (the "Pension Fund" or the "English Plaintiff") alleges that Petitioners were involved in making corrupt payments to the Pension Fund's former Director General between 1996 and 2012 in exchange for investments in Petitioners' products. (*See* ECF Nos. 5 at 6–14, 7 at ¶¶ 4–31).

---

[1] The English Proceedings are consolidated under the case name *Public Institution for Social Security v. Al Wazzan and Others*, CL-2019-000118.

Petitioners seek to serve a subpoena upon Wafra Inc. ("Wafra"), a U.S.-based subsidiary of the Pension Fund, to obtain documents and other information in Wafra's custody that Petitioners believe are relevant to the Pension Fund's knowledge of alleged wrongdoing by key players in the payment scheme. (ECF 5 at 11–16; ECF 7 at ¶ 29).

Because I find that Petitioners have met the requirements to obtain discovery under Section 1782, the Application is **GRANTED**.

## II.     RELEVANT BACKGROUND

### A. Factual History

Petitioners are member entities of a global investment firm whose parent is listed on the London Stock Exchanges. (ECF 7 at ¶ 6). Petitioners rely on intermediaries, such as banks, independent financial advisors, and other asset managers to market and promote Petitioners' financial products. (ECF 7 at ¶ 10).

Wafra, the target of Petitioners' subpoena, is an investment firm headquartered in Manhattan, with an address at 345 Park Avenue, New York, New York 10154-0101, registered as an investment advisor with the U.S. Securities and Exchange Commission, and operating as a U.S.-based asset management company. (ECF Nos. 7 at ¶ 12, 7-2 at 2 (Wafra's Form ADV, dated May 7, 2024)). Wafra is a subsidiary of the Pension Fund. (ECF 7 at ¶ 12). Wafra is not a party in the English Proceedings. (ECF 7 at ¶ 12). (*See also* ECF 7-3 at ¶ 11).

The English Proceedings are currently set for trial before the High Court of Justice of England and Wales for March 17, 2025. (ECF 7 at ¶¶ 4, 19). (*See also* ECF 19). There, the Pension Fund alleges that, between 1996 and 2012, its former Director General, the late Fahad Maziad Rajaan Al Rajaan, ("Al Rajaan") received secret, unlawful payments intended to

authorize or influence the Pension Fund's investments in Petitioners' financial products (ECF 7 at ¶¶ 16) This includes payments made by one of Petitioners' intermediaries, Mohammed El Ghazzi, ("El Ghazzi"), who is also a named defendant in the English Proceeding. (ECF 7 at ¶ 16). As relevant here, in the English Proceeding, Petitioners argue, *inter alia*: that there is no evidence that Al Rajaan's authorization or influence was the reason for El Ghazzi's alleged payments to Al Rajaan; that there is no evidence that Petitioners knew of El Ghazzi's alleged payments; and that the Pension Fund knew that Al Rajaan was receiving unlawful payments beginning in the 2000s. (ECF 7 at ¶¶ 20–22).

Petitioners propose to subpoena Wafra in connection with six requests for production of documents relating to allegations of bribery, corruption, or receipt of improper payments by Al Rajaan and the Pension Fund, and Wafra's knowledge of the same. (ECF Nos. 7 at ¶¶ 29–30, 7-1 (the Subpoena)). Petitioners assert that the discovery is essential to their defenses in the English Proceedings, namely: (1) that the Pension Fund's claim against the Petitioners is time-barred; and (2) that the Pension Fund's own significant contributory fault extinguishes or diminishes its claims against Petitioners. (ECF Nos. 5 at 11–12, 7 at ¶ 29). Based on prior discovery in the English Proceedings, Petitioners believe that Wafra has relevant evidence regarding these issues. (ECF 7 at ¶ 26).

### B. Procedural History

Petitioners have thus far been unable to obtain discovery from Wafra. Petitioners have requested that the Pension Fund ask Wafra to voluntarily disclose the materials, but the Pension Fund has produced only limited responsive documents, which Petitioners say do not satisfy their document requests. (ECF 7 at ¶¶ 31–40). Furthermore, the High Court has

determined that it cannot order the Pension Fund to produce Wafra's documents because the documents are not within the Pension Fund's control under the relevant English law. (ECF Nos. 7 at ¶ 41, 7-15 at ¶¶ 161–71). Petitioners now seek this Court's assistance in obtaining discovery directly from Wafra by way of the instant Application.

### III. DISCUSSION

#### A. Legal Standard

Under 28 U.S.C. § 1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."[2] 28 U.S.C. § 1782. Section 1782 imposes three statutory requirements: (1) that the person from whom discovery is sought either resides or "be found" in the district of the district court to which the petitioner has made their application; (2) that the discovery is "for use" in a proceeding before a foreign tribunal; and (3) that the application is made by a foreign or international tribunal or "any interested person." *In re Edelman*, 295 F.3d 171, 175–76 (2d Cir. 2002) (citing *In re Esses*, 101 F.3d 873, 875 (2d Cir. 1996)). If a district court has jurisdiction over the petition, it may, in its discretion, grant discovery under Section 1782. *Kiobel v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 244 (2d Cir. 2018) (citing *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015)). District courts routinely grant *ex parte* applications pursuant to Section 1782. *Gushlak v. Gushlak*, 482 F. App'x 215, 217

---

[2] A motion seeking discovery under Section 1782 is non-dispositive under Fed. R. Civ. P. 72(b) and is not on the list of motions exempt from a magistrate judge's jurisdiction. *See* 28 U.S.C. § 636(b)(1)(A); *In re Hulley Enterprises, Ltd.*, 358 F. Supp. 3d 331, 340–41 (S.D.N.Y. 2019). The motion is therefore within the scope of this Court's authority to decide.

4

(2d Cir. 2012) (collecting cases) (finding it "neither uncommon nor improper" for a district court to grant *ex parte* applications).

Under the framework articulated in *Intel Corp. v. Advanced Micro Devices, Inc.*, a district court should consider four factors when deciding whether to exercise its discretion to grant Section 1782 discovery: (1) whether the target of discovery is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the proceedings' character, and the tribunal's receptiveness to U.S. federal court assistance; (3) whether the application attempts to circumvent foreign proof-gathering restrictions; and (4) whether the request is unduly intrusive or burdensome. 542 U.S. 241, 264–65 (2004).

B. <u>Analysis</u>

Petitioner satisfies the three statutory requirements under Section 1782. Petitioner has shown that Wafra is "found" in this District within the meaning of Section 1782, because Wafra is registered as an investment advisor with the U.S. Securities and Exchange Commission, operates as a U.S.-based asset management firm, and has a principal place of business at 345 Park Avenue. (ECF Nos. 7 at ¶ 12, 7-2 at 2). *See In re del Valle Ruiz*, 939 F.3d 520, 528 (2d Cir. 2019) (holding that "found" "extends to the limits of personal jurisdiction consistent with due process"). Petitioners meet the "for use" requirement because they aver that they intend to use discovery obtained from Wafra to support the merits of their defenses in the English Proceeding—an indisputably foreign proceeding before a foreign court. (ECF Nos. 5 at 11–12, 7 at ¶ 29). *See Mees*, 793 F.3d at 301. Finally, Petitioner is a party to the foreign proceeding, and thus is an "interested person" under Section 1782. *Intel*, 542 U.S. at 256.

On the current record, all four discretionary *Intel* factors also favor granting Petitioner's Application.

First, although Wafra is a subsidiary of the English Plaintiff, it is not a named party in the English Proceeding because parent companies who are participants to foreign proceedings are considered separate legal entities from their subsidiaries and affiliates for Section 1782 purposes. *In re del Valle Ruiz*, 939 F.3d at 523.

Second, there is no "authoritative proof" that the English High Court would not be receptive to Section 1782 relief. *In re Ernesto Andrade Grp.*, 712 F. Supp. 3d 438, 441 (S.D.N.Y. 2024) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[The district court] should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782")). Rather, "there is ample evidence that courts in the United Kingdom" are receptive to this Court's assistance with discovery under Section 1782. *In re Tel. Media Grp. Ltd.*, 23-MC-215 (JGLC), 2023 WL 5770115, at *8 (S.D.N.Y. 2023). In this specific case, the English Court has already endorsed a consent order, jointly submitted by the parties to the English Proceeding, memorializing Petitioners' permission to use documents produced to them in that action to support this Application. (ECF Nos. 19, 19-1).

Third, there is similarly no evidence that the English Court prohibits Petitioners from obtaining the information sought. *Mees*, 793 F.3d at 303 n.20; *In re Tiberius Grp. AG*, 19-MC-4667 (VSB), 2020 WL 1140784, at *4 (S.D.N.Y. 2020) ("Only where the materials being sought are privileged or otherwise prohibited from being discovered or used is the third *Intel* factor implicated."). The English Court adopts a permissive approach to obtaining evidence from other jurisdictions for use in litigation before it, including evidence obtained pursuant to

Section 1782. *See South Carolina Ins. Co. v. Assurantie Maatschappij "De Zeven Provincien" N.V.*, [1987] A.C. 24, at 42 ("[A]ny party preparing his case in the High Court . . . is entitled to . . . try to obtain in a foreign country, by means lawful in that country, documentary evidence which they believe that they need in order to prepare and present their case.") (discussed in *Intel*, 542 U.S. at 262, n.13). There is also no evidence that Petitioner seeks this discovery to circumvent proof-gathering restrictions imposed by English law, or that Petitioners' application is otherwise in bad faith. *See In re Christen Sveaas*, 249 F.R.D. 96, 106 (S.D.N.Y. 2008) (citing *Euromepa S.A.*, 51 F.3d at 1101).

Finally, the Court has reviewed the subpoena and document requests at ECF 7-1, and finds that they are not unduly intrusive or burdensome. *See Intel*, 542 U.S. at 265. A subpoena is unduly burdensome if the burden to the subpoenaed party outweighs the value of the information to the serving party, when considering: the relevance of the information sought; the party's need for the documents; the breadth of the documents; the time-period the request covers; the particularity with which the documents are described; and the burden imposed. *Citizens Union of City of New York v. Att'y Gen. of New York*, 269 F. Supp. 3d 124, 138 (S.D.N.Y. 2017). Petitioners' subpoena requests documents and information that Wafra would be expected to maintain in the ordinary course of business and/or that the Pension Fund has already confirmed exists in Wafra's records. *See, e.g.*, *In re Ulmans*, 23-MC-23 (GHW)(VF), 2023 WL 3853703, at *6 (S.D.N.Y. Apr. 20, 2023) (finding that a request for documents maintained in the ordinary course of business was not unduly burdensome under Section 1782). Wafra may challenge specific requests by filing a motion to quash pursuant to Fed. R. Civ. P 45(d)(3).

7

IV.     **CONCLUSION**

For the foregoing reasons, Petitioners' Application for discovery pursuant to 28 U.S.C. § 1782 is **GRANTED**.  Petitioners are authorized to serve their proposed subpoena by **January 30, 2025**, if Petitioners have not already done so.  If any Respondent seeks to file a motion to quash or a motion for a protective order, they must do so by **February 6, 2025**.

The Clerk of the Court is respectfully directed to close ECF Nos. 1 and 3.

**SO ORDERED.**

_/s/ Ona T. Wang_

Dated: January 24, 2025                                                        **Ona T. Wang**
New York, New York                                      United States Magistrate Judge