UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re Application of                                        :
                                                            :
MAN GROUP LIMITED, MAN STRATEGIC                            :   24-MC-559 (JHR) (OTW)
HOLDINGS LIMITED, MAN INVESTMENTS                           :
LIMITED, and MAN INVESTMENTS AG,                            :   **OPINION & ORDER**
                                                            :
      Petitioners,            :
                                                            :
For an Order to Obtain Discovery Pursuant to                :
28 U.S.C. § 1782 for Use in a Foreign                       :
Proceeding.                                                 :
                                                            :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

  The Court has reviewed the parties' submissions at ECF Nos. 60 and 63.  The Court will enter the protective order at ECF 63-2 by separate order, subject to the following restrictions.

**I. RELEVANT BACKGROUND**

  On December 11, 2024, Man Group Limited, Man Strategic Holdings Limited, Man Investments Limited, and Man Investments AG (together, "Petitioners") submitted an *ex parte* application seeking discovery under 28 U.S.C. § 1782 (the "Application") from Wafra Inc. ("Respondent") for use in proceedings before the High Court of Justice of England and Wales (the "English Proceeding").[1]  (ECF 3).  Trial began in the English Proceeding on March 17, 2025, and is ongoing.  (*See* ECF Nos. 19, 60, 63).

  On January 24, 2025, the Court granted Petitioners' Application.  (ECF 20).  On February 3, 2025, EFG Bank AG ("Intervenor") sought leave to intervene, supporting the discovery that

---

[1] The English Proceeding is consolidated under the case name *Public Institution for Social Security v. Al Wazzan and Others*, CL-2019-000118.

Petitioners had sought, and requesting permission to serve Respondent with its own subpoena (ECF 23), which Respondent opposed (ECF 40). On February 6, 2025, Respondent moved to vacate the Court's January 24 Order and to quash Petitioners' subpoena. (ECF 30). On March 13, 2025, the Court granted Intervenor's motion, and denied Respondent's motion, finding that the subpoenas were not unduly burdensome, and that no other factors militated against granting discovery and compelling production. (ECF 55).

Petitioners and Intervenors are both defendants in the English Proceeding (ECF Nos. 7 at ¶ 4, 23 at 1, 48 at 3); Respondent is not a party to the English Proceeding, but is a subsidiary of another defendant (the "Pension Fund") (ECF 7 at ¶ 12) (*see also* ECF 7-3 at ¶ 11). The English Court previously determined that it could not order the Pension Fund to produce documents in Respondent's custody because they were not within the Pension Fund's control under English Law. (ECF Nos. 7 at ¶ 41, 7-15 at ¶¶ 161–71).

On April 22, 2025, Petitioners and Intervenor informed the Court that, despite the Court's January 24 and March 13 Orders, Respondent had not produced the documents sought. (ECF 60). Respondent asserts that it will not do so without a protective order that would prohibit Petitioners and Intervenor from sharing documents with other parties to the English Proceeding—nonparties to the instant U.S. Proceeding—unless those parties first sign an agreement to be bound by that protective order. (*See* ECF Nos. 63, 60-2 at 6(c)). Negotiations over appropriate confidentiality provisions have broken down, and the parties have submitted competing proposed protective orders for this Court's approval. (*See generally* ECF Nos. 60, 60-2, 63, 63-2). Meanwhile, Respondent has applied to the English Court for a protective order

2

governing the discovery at issue here, on which it hopes to obtain a ruling this week.  (ECF Nos. 63 at 1, 63-1 at 2–3).

II. **DISCUSSION**

"Section 1782 leaves to the district courts' discretion both the decision to grant discovery and to 'prescribe the practice and procedure' for its production." *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 134 (2d Cir. 2017) (quoting 28 U.S.C. § 1782(a)).  In its discretion, a district court may reject a request for a protective order "to guard against improper use of the evidence in auxiliary or unrelated proceeding here or abroad." *In re Letter of Request from Crown Prosecution Serv. of U.K.*, 870 F.2d 686, 693 n.11 (D.C. Cir. 1989) (Ruth Bader Ginsburg, J.).  If the order does not prescribe otherwise, "the document or other thing [will be] produced in accordance with the Federal Rules of Civil Procedure."  28 U.S.C. § 1782(a). Nevertheless, the Federal Rules do not regulate what litigants may do with discovery after it has been lawfully obtained.  *In re Accent Delight Int'l Ltd.*, 869 F.3d at 134 (citing *Glock v. Glock, Inc.*, 797 F.3d 1002 (11th Cir. 2015)).

The Court will enter the proposed protective order at ECF 63-2 by separate order. Nevertheless, this Court will not unwisely engage in a "battle-by-affidavit of international legal experts" "to try to glean the accepted practice and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law."[2]  *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 109 (2d Cir. 1995).  **Accordingly, the Court's entry of**

---

[2] The Court notes that Respondent has previously asked this Court to interpret English Procedural Rules, which invitation the Court declined.  (*See* ECF Nos. 31 at 25–27, 32 at ¶¶ 7–17, 55 at 21–22).

3

**Respondent's proposed protective order is without prejudice to the parties' rights to expand provisions of that protective order in accordance with English Law, and as directed by the English Court.  This Court takes no position regarding English Law, including English Civil Procedure Rule 31.22.**  The parties are further cautioned that this Court may not be the appropriate jurisdiction or venue in which to continue litigating matters beyond whether Respondent must produce these documents to Petitioners and Intervenor.

Respondent is **ORDERED** to produce any outstanding discovery due to Petitioners and Intervenor pursuant to the Court's January 24 and March 13 Orders **according to the agreed-upon schedule described in ECF 60 at 2**.[3]  The parties are further directed to inform the English Court <u>**forthwith**</u> of (1) this Court's entry of the protective order and (2) the entry of this Opinion and Order.

The request for a conference at ECF 60 is **DENIED as moot**.  The Clerk of Court is respectfully directed to close ECF 60.

    **SO ORDERED.**

|  |  |
|---|---|
| Dated: April 28, 2025<br>New York, New York | _/s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |

---

[3] Respondent does not object to this schedule.  (ECF 63 at 1).