UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re Application Of

MAN GROUP LIMITED, MAN STRATEGIC
HOLDINGS LIMITED, MAN INVESTMENTS
LIMITED, AND MAN INVESTMENTS AG,

Petitioners, For An Order Pursuant To 28 U.S.C. §
1782 To Obtain Discovery For Use In A Foreign
Proceeding

1:24-mc-00559 (OTW)

PROTECTIVE ORDER

---

WHEREAS, Wafra Inc. ("Wafra"), Man Group Limited, Man Strategic Holdings Limited,
Man Investments Limited, and Man Investments AG (collectively, the "Man Entities"), and EFG
Bank AG ("EFG") having agreed to the following terms of confidentiality, and the Court having
found that good cause exists for the issuance of an appropriately tailored confidentiality order
pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and
documents produced by Wafra in connection with this Section 1782 proceeding:

1. Counsel for Wafra may designate any document or information, in whole or in part, as
   confidential if counsel determines, in good faith, that such designation is necessary to protect
   the interests of the client in information that is proprietary, a trade secret, or otherwise
   commercially sensitive non-public information ("Confidential Information"). Information and
   documents designated by Wafra as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such
   information solely for use in connection with the above-captioned proceedings or the following
   proceedings: *Public Institution for Social Security v. Al Wazzan and Others*, CL-2019-000118,
   including any appeals (the "English Proceedings"), and *In Re EFG Bank AG*, No. 3:25-mc-
   00010-VAB (D. Conn. Jan. 17, 2025) (the "EFG 1782 Proceedings," and together with the
   above captioned proceedings and the English Proceedings, the "Proceedings"). Except as
   ordered by the Court, Confidential Information will not be used or employed for any other
   action, proceedings, or purpose whatsoever.

3. In the event a party challenges Wafra's designation of confidentiality, counsel shall make a
   good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party
   may seek resolution by this Court or the English Court. Nothing in this Protective Order
   constitutes an admission by any party that any Confidential Information is relevant or
   admissible. Each party reserves the right to object to the use or admissibility of the
   Confidential Information in the Proceedings.

4. If Wafra intends to redact competitively sensitive non-responsive information, Wafra shall
   notify the parties of the nature of the information to be so designated or redacted prior to any
   production and as soon as reasonably possible after determining that it intends to do so. The

parties may meet and confer prior to or after such production regarding the propriety of such designation or redaction. The requesting parties retain all rights to challenge any such designations or redactions after receiving and reviewing the production.

5. All information and documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the Proceedings;

    c. Consultants or experts assisting with the Proceedings, to the extent deemed necessary by counsel;

    d. The claimant in the English Proceedings and the party's co-defendants in the English Proceedings and counsel to any such party;

    e. Witnesses testifying in the Proceedings;

    f. The courts overseeing the Proceedings (including persons having access to any Confidential Information by virtue of his or her position with the court); and

6. Before disclosing or displaying the Confidential Information to any person, counsel must do the following:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than the Proceedings and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto, except that no such agreement shall be required to reveal Confidential Information to the categories of persons identified in Paragraph 5(d), (e), and (f), provided however that no Confidential Information will be disclosed pursuant to Paragraph 5(d) or (e) until either (i) the recipient signs an agreement to be bound by the Order or (ii) the English Court decides any application made by Wafra for relief under CPR 31.22(2), provided that such application is made by 4 pm GMT on April 25, 2025. The Man Entities and EFG will not oppose any application made by Wafra under CPR 31.22(2). For the avoidance of doubt, the parties agree to be bound by any decision entered in the English Proceedings governing the use or disclosure of documents therein.

7. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Information in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such

notice, the producing person will have the right (subject to the rules of the relevant jurisdiction) to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

8. The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Information except if the document has been released from the restrictions imposed by CPR 31.22 pursuant to CPR 31.22(1)(a) – (c). If so designated and not already released from such restrictions imposed by CPR 31.22, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Protective Order.

9. Wafra may redact any Personally Identifying Information ("PII") (e.g., social security numbers, passwords, and other sensitive information that may be used for identity theft).

10. Pursuant to Federal Rule of Evidence 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

11. Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed or admitted under seal in the Proceedings, except that the parties shall use their best endeavors in the Proceedings to ensure that Confidential Information is not made publicly available. Best endeavors shall be satisfied if:

    a. For purposes of this Section 1782 proceeding: a party follows this Court's procedures with respect to seeking permission to file or admit Confidential Information under seal.

    b. For purposes of the English Proceedings: To the extent a party seeks to upload Confidential Information to the trial bundle in the English Proceedings or otherwise use the Confidential Information in open court or in a court submission or court filing that party shall contemporaneously provide written notice to Wafra. Such Confidential Information will continue to be subject to the protections and restrictions of this Order and governed by the English Court's rulings as to the confidentiality and further treatment of such documents, including for the avoidance of doubt the Order of Mr. Justice Jacobs made on 1 May 2025 (the "English Court Rulings").

        i. If after receiving written notice, Counsel for Wafra determines, in good faith, that restricting or prohibiting the use of such document(s) beyond the English Court Rulings is necessary to protect Wafra's interests, Wafra shall notify the party in writing within 3 business days of being provided such notice.

        ii. Regardless of whether Wafra provides such notification, the Confidential Information shall continue to be subject to this Order and the English Court Rulings absent further order of this Court or the English Court.

    c. For purposes of the EFG 1782 Proceedings: a party follows that court's procedures to filing Confidential Information provisionally under seal, except that EFG agrees to provide unsealed and unredacted filings and/or deposition transcripts and exhibits to the other parties to this Protective Order.

d.  For avoidance of doubt, if best endeavors are satisfied, nothing in this Protective Order, including Paragraphs 5 and 6, prevents any person subject to it from using any documents designated as "CONFIDENTIAL" in a public hearing or filing in the Proceedings."

12. At the conclusion of the English Proceedings, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected, and the parties and their counsel shall further be permitted to retain any document that has been used in open court or in a court submission or court filing in the English Proceedings pursuant to Paragraph 11.

SO STIPULATED AND AGREED.

Dated: May 16, 2025

WILLKIE FARR & GALLAGHER LLP

/s/ Todd G. Cosenza
Todd G. Cosenza
Zeh S. Ekono
Stuart R. Lombardi
787 Seventh Avenue
New York, NY 10019-6099
T: (212) 728-8000
tcosenza@willkie.com
zekono@willkie.com
slombardi@willkie.com

Lawrence E. Slusky (admitted *pro hac vice*)
1875 K Street, N.W.
Washington, DC 20006-1238
T: (202) 303-1000
lslusky@willkie.com

*Counsel for Man Group Limited,*
*Man Strategic Holdings Limited,*
*Man Investments Limited,*
*and Man Investments AG*

/s/ Lydia L. Halpern
Lydia L. Halpern
Darryl G. Stein
Zachary D. Rosenbaum
KOBRE & KIM LLP
800 Third Avenue
New York, NY 10022
T: 212-488-1200
lydia.halpern@kobrekim.com
darryl.stein@kobrekim.com
zachary.rosenbaum@kobrekim.com

*Counsel for EFG Bank AG*

CLEARY GOTTLIEB STEEN & HAMILTON LLP

/s/ Lina Bensman
Lina Bensman
Rahul Mukhi
One Liberty Plaza
New York, New York 10006
T: 212-225-2000
lbensman@cgsh.com
rmukhi@cgsh.com

*Counsel for Wafra Inc.*

SO ORDERED.

Dated: May 19, 2025
      _____
      New York, New York

_____
      Ona T. Wang
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Application Of

MAN GROUP LIMITED, MAN STRATEGIC
HOLDINGS LIMITED, MAN INVESTMENTS
LIMITED, AND MAN INVESTMENTS AG,

Petitioners, For An Order Pursuant To 28 U.S.C. §
1782 To Obtain Discovery For Use In A Foreign
Proceeding

1:24-mc-00559 (OTW)

NON-DISCLOSURE AGREEMENT

 

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the above captioned matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any person other than those referred to in paragraph 5 of the Order of the Court. I further agree not to use any such information for any purpose other than the Proceedings as defined by the Order of the Court.

_____

Dated: _____

Signed in the presence of:

_____