**NEW UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re Application of
      :
      :

MAN GROUP LIMITED, MAN STRATEGIC     :
HOLDINGS LIMITED, MAN INVESTMENTS    :
LIMITED, and MAN INVESTMENTS AG,     :
      :

          Petitioners,     :
      :

For an Order to Obtain Discovery Pursuant to  :
28 U.S.C. § 1782 for Use in a Foreign   :
Proceeding.     :
      :

-------------------------------------------------------------x

24-MC-559 (JHR) (OTW)

**OPINION & ORDER**

       **ONA T. WANG**, **United States Magistrate Judge**:

I.      **INTRODUCTION**

      The Court has reviewed the following motions: ECF 11, seeking to redact portions of ECF

4 (Petitioners' Memorandum of Law) and ECF 6 (Declaration of Peter J. Burell); ECF 43, seeking

to redact portions of ECF 44, (Petitioners' Opposition to Wafra Inc.'s Motion); and ECF 50 which

seeks to redact portions of ECF 51 (Wafra Inc.'s Reply) and ECF 52 (Second Declaration of James

Brady-Banzet). All motions are unopposed.

II.     **DISCUSSION**

      **A.  Petitioners' Motions, ECF Nos. 11 & 43**

      With respect to ECF 11, Petitioners appear to seek to redact information which "would

not enter the public domain until referred to either at trial (scheduled to begin in March 2025)

or an earlier interlocutory hearing (such as the pre-trial hearing scheduled for December 18-20,

2024." (ECF 11 at 2). Because these dates have long since passed, and it was for "solely that

reason" Petitioners sought to seal ECF Nos. 4 and 6, that application is **DENIED WITHOUT**

**PREJUDICE**. (ECF 11 at 2) Since the redactions proposed by ECF 11 form the sole basis for Petitioners' subsequent motion to redact portions of ECF 44, that application, (ECF 43) is also **DENIED WITHOUT PREJUDICE**.

### B. Wafra Inc.'s Motion, ECF 50.

Respondent Wafra Inc. seeks to redact portions of ECF 51 and portions of ECF 53 which it filed in support of its "Motion to Vacate Order and Quash Subpoena." Specifically, it seeks to redact portions of the "Second Declaration of James Brady-Banzet" and the three reports attached as exhibits thereto in their entirety. It also seeks to redact portions of its Reply which reference the reports attached to the "Second Declaration of James Brady-Banzet."

When considering a whether to grant a motion to seal or redact a document, courts first consider whether the "documents are judicial documents" to which the "common law presumption of access attaches." *Authors Guild v. OpenAI Inc.*, No. 23-CV-10211 (SHS) (OTW), 2025 WL 66500, at *3 (S.D.N.Y. Jan. 10, 2025). A "judicial document" or "judicial record" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016).

Pleadings are "widely recognized as judicial documents, but "the law is more complex with respect to filings made during discovery." *Authors Guild*, 2025 WL 66500, at *2. The documents Wafra seeks to redact or seal are in support of a discovery motion. Supervising discovery is a judicial function, therefore ECF Nos. 51 and 53, along with their attached exhibits, are judicial documents and entitled to a presumption of public access. *See Brown v. Maxwell*,

929 F.3d 41, 50 (2d Cir. 2019) (all documents submitted in connection with motion to quash subpoena subject to some presumption of public access).

Having determined there is a presumption of public access to the documents Wafra Inc. seeks to seal, the Court must now "determine the weight of that presumption," so that it may "balance competing considerations against" the presumption of access, including the "countervailing . . . privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119, 120 (2d Cir. 2006). Here, I find that, while "the presumption of public access in filings submitted in connection with discovery disputes...is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions," Wafra Inc. still has a burden to "articulate specific and substantial reasons for sealing such material." *Maxwell*, 929 F.3d at 50.

Wafra Inc. argues that "the confidentiality of sensitive commercial information" contained in the reports is a "specific and substantial reason" worthy of sealing. In support of this argument, Wafra Inc. states only that it "prepared these reports on a confidential basis, solely for PIFSS's internal use. The excerpts describe PIFSS's investments, identify PIFSS's investment managers, and reference Wafra's findings and recommendations. The information contained in the excerpts includes sensitive, competitive, or proprietary business information of PIFSS." (ECF 50 at 2). Wafra Inc. does not, however, explain *why* the information is sensitive or what harm would result if the documents were not sealed except that there is a confidentiality agreement between Wafra Inc. and one of its clients. (ECF 50 at 2).

Wafra Inc. specifically relies on *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, No. 21-CV-11003 (LTS), 2022 WL 890184, at *2 (S.D.N.Y. Mar. 25, 2022) for its argument that "[t]he

protection of sensitive business information also may serve as a countervailing factor against the presumption of public access." (ECF 50 at 2). Such reliance is misplaced because the preceding paragraph of *W.J. Deutsch* explicitly rejects just such an argument. 2022 WL 890184, at *2 ("any previously bargained-for confidentiality between the parties is not sufficient, on its own, to overcome the presumption of access." (quoting *New York v. Actavis, PLC*, No. 14-CV-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014)).[1]

Moreover, *W.J. Deutsch* found that the Movant had met its burden to seal its confidential business records not only because they contained information which was not publicly known, but *also* that "disclosure of this confidential business information would subject them to a competitive disadvantage in the wine and spirits market" *and* that "[t]he categories of confidential business information [Movant] seeks to redact have been previously recognized by courts in this circuit to be either confidential information worthy of sealing, or trade secrets." *Id*. at *3. Wafra Inc. articulates no similarly specific examples of harm that would occur if the documents were not sealed, nor does it cite to any case in this district or circuit which has previously found similar documents worthy of sealing. Such conclusory arguments fail to overcome the presumption of public access to judicial documents, much less support redacting the reports in their entirety as Wafra Inc. seeks to do here. Accordingly, ECF 50 is **DENIED WITHOUT PREJUDICE**.

---

[1] This holding should be distinguished from the principle that it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied," because the documents at issue here are purportedly confidential pursuant to a contractual relationship between Wafra Inc. and one of its clients, not as a condition of exchanging discovery between parties or pursuant to a Court order. *See Authors Guild*, 2025 WL 66500, at *2 (quoting *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019).

### III.    CONCLUSION

For the foregoing reasons, ECF Nos. 11, 43, and 50 are **DENIED WITHOUT PREJUDICE**.

It is **FURTHER ORDERED** that this Order is **STAYED** until **June 22, 2026**. If the parties

desire for these filings to remain under seal, the parties may file a new, updated motion that

addresses the deficiencies identified in this Order. If no motion to seal is filed by **June 22, 2026**,

the Court will enter another Order unsealing ECF Nos. 11, 43, and 50.


        **SO ORDERED.**




                                                          _/s/ Ona T. Wang_
Dated: May 22, 2026                                       **Ona T. Wang**
        New York, New York                                United States Magistrate Judge